JONES, Justice
(dissenting):
I dissent. I would reverse both convictions.
This case represents a classic example of the double standard tolerated by our criminal law system. A beer can in the hand of one man on his own property is somehow different from a beer can in the hand of another man on his own property.
A common summer weekend scene in suburbia Alabama is the homeowner mowing his lawn and quenching his thirst from a can (or bottle) of cold beer. But these are not the citizens of our state who are the subject of arrest for drinking in public; and, indeed, they pose no threat to society. It is the John Echols of our society who get arrested.
The system creates its own paradox: On the one hand, it searches vainly for the “mysterious” source of disrespect for the law, while on the other hand, through its unequal enforcement, it contributes to this disrespect — and even contempt — which the system so selfrighteously disdains.
For fear that the reader might interpret the foregoing as a mere expression of social philosophy, let me hasten to say that I would not hesitate to overrule the “public *1323 place” holdings of Franklin and Lee. To equate the agrarian settings of these two gaming cases of 1890 and 1902 with today’s urbanized society is unreasonable and unrealistic. Taken to its logical conclusion, the holding of these cases would even outlaw beer at backyard barbecues except on those estates large enough to preclude public view.
One closing observation: The record in this case is replete with frightening suggestions of how very close this episode came to erupting into a full-scale riot. Except that the officer did eventually exercise sound judgment in “letting Echols go,” serious physical harm to others, including the officer, would probably have resulted. And all this because the officer came onto private property to arrest a citizen for doing a harmless act which has become a customary and accepted practice in our society.
EMBRY, J., concurs.